# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# NEWNAN DIVISION

| | |
|---|---|
| AMY LITTLEJOHN, | Civil Action No. |
| Plaintiff, | |
| v. | JURY TRIAL DEMANDED |
| VARIETY WHOLESALERS, INC., | |
| Defendants. | |

## COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff Amy Littlejohn ("Plaintiff"), by and through undersigned counsel, and files this Complaint pursuant to Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), and 42 U.S.C. § 1981 against Defendant Variety Wholesalers, Inc. ("Defendant") and shows the Court as follows:

## NATURE OF COMPLAINT

1.

Plaintiff brings this action to recover damages for Defendant's violation of her rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et. seq* ("Title VII"), and 42 U.S.C. § 1981.

## JURISDICTION AND VENUE

2.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) and 42 U.S.C. § 2000e-5(f).

3.

Defendants are subject to specific jurisdiction in this Court over the claims asserted in this action. In addition, the acts and omissions that give rise to Plaintiff's claims occurred in this District. Accordingly, venue in this Court is proper pursuant to 29 U.S.C. §1391 and 42 U.S.C. §2000(e)-5(f).

## PARTIES

4.

Plaintiff is an African American/black citizen of the United States of America and is subject to the jurisdiction of this Court.

5.

Defendant Variety Wholesalers is qualified and licensed to do business in Georgia, and at all times material hereto has conducted business within this District. Defendant is subject to specific jurisdiction over the claims asserted herein.

6.

Defendant Variety Wholesalers may be served with process by delivering a copy of the summons and complaint to its Registered Agent, CSC of Cobb County, Inc., 192 Anderson St., SE, Suite 125, Marietta, Georgia 30060.

## ADMINISTRATIVE PROCEDURES

7.

Plaintiff timely filed a charge of discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC").

8.

Upon Plaintiff's request, the EEOC issued Plaintiff a Notice of Right to Sue with respect to Plaintiff's EEOC Charge against Defendant, entitling an action to be commenced within ninety (90) days of receipt of that notice.

9.

This action has been commenced within ninety (90) days of receipt of the "Notices of Right to Sue".

## FACTUAL ALLEGATIONS

10.

Plaintiff began her employment with Defendant on or about June 30, 2021, as a team lead. Plaintiff is African-American and black in color.

11.

Plaintiff and her African-American co-workers began experiencing what they perceived as racial discrimination from their supervisor, Shondra Smith. Among other things, Ms. Smith was subjecting African-American employees to disparate discipline relative to white employees for the same infractions.

12.

In late November/early December 2021, there was a team contest in which names were set for the teams. One of the shift teams had the team name "NWA", which is an old rap group and acronym titled "Nig---- with Attitudes", the "N" word in the name representing a racial slur.

13.

Plaintiff complained to Ms. Smith and asked her if she knew what the "N" word represented and Ms. Smith laughed and said "Niggers". When Plainitff complained again to Ms. Smith about the use of the term the next day, Ms. Smith asked why it was okay for blacks to use the term, but not her.

14.

On or about December 11, 2022, Plaintiff and a number of her co-workers provided a written complaint to Delynn Gilmore in the Human Resources Department for Defendant about Ms. Smith, including bringing up the "NWA" issue and Ms. Smith's use of the racial slur.

15.

On or about December 21st, less than two weeks after submitting the written complaint, Defendant terminated Plaintiff's employment.

16.

Any reason given for Plaintiff's termination is pretext for unlawful retaliation for her engaging in protected activity.

17.

As a result of Defendant's unlawful actions, Plaintiff has suffered, *inter alia*, pecuniary and non-pecuniary losses for which she is entitled to recover from Defendant, including lost wages and emotional distress.

## CLAIMS FOR RELIEF

## COUNT I:  RETALIATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED

18.

Plaintiff re-alleges paragraphs 10-17 as if set forth fully herein.

19.

Plaintiff's engaged in protected activity under Title VII. Plaintiff is a member of a protected class, i.e. she is African-American/black.

20.

Defendant subjected Plaintiff to adverse employment action (to wit, terminating Plaintiff's employment) because Plaintiff engaged in protected conduct. The adverse action to which Plaintiff was subjected would dissuade a reasonable employee from making or supporting a charge of discrimination.

21.

There was a causal connection between the protected conduct and the adverse action.

22.

As a direct and proximate result of Defendant's violations, Plaintiff has suffered economic and non-pecuniary damages.

23.

Defendant willfully and wantonly disregarded Plaintiff's rights, and its actions toward Plaintiff were undertaken in bad faith.

24.

Plaintiff is entitled to punitive damages, lost wages and benefitts, compensatory damages, attorneys' fees and costs, prejudgment interest, reinstatement or front pay in lieu thereof, and any other relief available under the law.

**COUNT II: RETALIATION IN VIOLATION OF 42 U.S.C. §1981**

25.

Plaintiff re-alleges paragraphs 10-17 as if set forth fully herein.

26.

Plaintiff is African-American and black in color. Plaintiff had an employment agreement with Defendant within the meaning of 42 U.S.C. § 1981, under which, *inter alia*, Plaintiff worked for Defendant.

27.

Plaintiff performed her contractual obligations.

28.

Defendant violated Plaintiff's rights under 42 U.S.C. § 1981.

29.

Plaintiff is a member of a protected class.

30.

Plaintiff's complaints and opposition to racist conduct constitute protected activity under 42 U.S.C. § 1981.

31.

Defendant subjected Plaintiff to adverse action (to wit, termination) because of her protected conduct. The adverse action to which Plaintiff was subjected would dissuade a reasonable employee from making or supporting a charge of discrimination.

32.

There was a causal connection between the protected conduct and the adverse action of termination.

33.

As a direct and proximate result of Defendant's violations, Plaintiff has suffered economic and non-pecuniary damages.

34.

Defendant willfully and wantonly disregarded Plaintiff's rights, and its actions toward Plaintiff were undertaken in bad faith.

35.

Plaintiff is entitled to punitive damages, lost wages and benefitts, compensatory damages, attorneys' fees and costs, prejudgment interest, reinstatement or front pay in lieu thereof, and any other relief available under the law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(a) General damages for mental and emotional suffering caused by Defendant's misconduct;

(b) Special damages for lost wages;

(c) Punitive damages based on Defendant's willful, malicious, intentional, and deliberate acts;

(d) Reasonable attorney's fees and expenses of litigation;

(e) Trial by jury as to all issues;

(f) Prejudgment interest at the rate allowed by law;

(g) Declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights;

(h)       Injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendant from further unlawful conduct of the type described herein; and

(i)       All other relief to which she may be entitled.

Respectfully submitted, this 13th day of June, 2022.

**BARRETT & FARAHANY**

s/ *V. Severin Roberts*
V. Severin Roberts
Georgia Bar No. 940504
*Attorney for Plaintiff*

1100 Peachtree Street, N.E., Suite 500
Atlanta, GA 30309
(404) 214-0120
(404) 214-0125 Facsimile
severin@justiceatwork.com